## WM. CUNNINGHAM, v. F. R. GAYNOR, Judge.

Liquor Nuisance: INJUNCTION: STIPULATION: DELAY IN ENTRY OF DECREE: VALIDITY: CONTEMPT. In an action to enjoin one from selling intoxicating liquors contrary to law, and for an abatement of the nuisance, the prayer of the petition was for a temporary injunction, and that it be made perpetual on final hearing. The defendant having pleaded guilty to the charge, and stipulated for judgment and the issuance of a temporary injunction, as prayed in the petition, the court made the entry on the records of the court, "Judgment as per stipulation," but there was no decree until a year and seven months thereafter, when a decree for a permanent injunction was signed. In proceedings against said defendant for contempt for the violation of said injunction, *held*, that, under the stipulation and plea of the defendant, the court would have been warranted in entering a decree for a permanent injunction when said stipulation was filed, and, the case continuing to stand on the calendar undisposed of, the court did not lose jurisdiction to enter said decree by reason of the delay. The plaintiff herein having been arraigned for a violation of said decree after it was signed, and writ issued, the fact that the decree was dated back to the day the plea was entered was immaterial.

*Certiorari to Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, JANUARY 30, 1893.

*T. M. Zink*, for plaintiff.

*Struble Bros. & Hart*, for defendant.

KINNE, J.—In 1889 an action was instituted against the plaintiff herein and others to enjoin them from selling intoxicating liquor in violation of law, and

to abate the nuisance created by them. October 8, 1889, the defendant in said suit and his wife stipulated that judgment and a temporary injunction might issue against them as prayed in the petition, and also pleaded guilty to the charge made against them in said petition, with full knowledge of the results that follow such a plea. On the filing of this stipulation, and on the same day, an entry was made in the records of said court as follows: "And now, to wit, October 8th, 1889, judgment as per stipulation." May 8, 1891, a decree was prepared by counsel, and signed by the court, as of date of October 8, 1889, permanently enjoining the defendant from further violating the law, and ordering an abatement of the nuisance. June 29, 1891, a writ of injunction was served on the defendants. August 18, 1891, complaint was filed charging the defendant with violating the injunction; and on the next day he appeared before Judge Gaynor, and pleaded not guilty. He denied every allegation therein contained, and further averred that no valid decree, judgment, or injunction was ever made, granted, or issued; that a decree was made and signed permanently enjoining him, and that he had no notice thereof. A hearing was had on said complaint, and the defendant (plaintiff herein) fined five hundred dollars, and in default of payment thereof ordered committed to jail, whereupon he sued out this writ.

It is said that the court had no authority to enter the decree, inasmuch as the consent was for a temporary injunction only, and the order was for a judgment as per the stipulation on file. It will be remembered that the decree on which this permanent injunction is based was in fact signed May 8, 1891, but dated October 8, 1889, the time of the judgment entry. The real contention of the plaintiff is not that he is not guilty of violating the judgment which, under the stipulation and pleadings, justified a temporary injunction, but he

claims, as such judgment entry only justified a temporary injunction, and a permanent one was afterwards issued, it was without authority and void, and hence he cannot be punished for the violation of a permanent injunction. The stipulation expressly provided for judgment and a temporary injunction, and the defendants pleaded guilty to the charge in the petition with full knowledge of the results that follow such a plea. Under that stipulation and plea the court would have been warranted in entering a decree permanently enjoining the defendants at that time. Hence the real question is, what is the effect of entering a decree in the case a year and seven months afterwards, which under the stipulation and plea might properly have been entered at the time the order for a temporary injunction issued? The petition prayed for a temporary injunction, and on final hearing that it might be made perpetual.

Now under the plea of guilty to the charge, every material allegation of the petition was admitted. There was then no necessity for a final hearing or trial. The plea dispensed with the necessity of testimony to sustain the allegations of the petition, and when it was filed the case was ripe for final action. The mere fact that the defendant consented to a temporary writ being issued did not rob the court of its jurisdiction, under a plea of guilty, to enter such a decree as the allegations of the petition justified. Did it lose the right so to do by its delay? It seems to us it did not. The case, for aught that appears, was standing on the calendar for disposition. As we have said, it was ripe for final action when the plea was entered. The defendant had appeared, was in law in court, and hence required no further notice. The court under such circumstances, it seems to us, might at any time while the cause was standing on its calendar do just what we have said it had the power to do when the plea was put in,—render

a judgment and decree in accordance with the petition and plea. Here was a case undisposed of. There was a plea of guilty, which justified a permanent injunction, and, at a term long after it might have entered a decree permanently enjoining the defendants, it does in fact sign such a decree, which is dated back as of the day when such decree might first have been legally entered. Having the jurisdiction to enter the decree at the time it was in fact signed, the mere fact that it was dated back to the time the plea was entered can not, as against this plaintiff, invalidate it, whatever its effect might be, were it a case where the rights of third persons had in the meantime intervened. As there was no necessity for dating it back, and as the court had jurisdiction to enter the decree it did enter at the time it was in fact made and signed, the fact of entering it as of date of October 8, 1889, is of no moment. The plaintiff herein is not arraigned for violation of the decree prior to the time it was in fact signed, but after it had been signed and the writ served upon him.

While not decisive of the case, we may refer to another fact. Under the plaintiff's theory he was and still is resting under a temporary injunction. His violation of it is clearly established by the evidence, and he would be subject to punishment therefor. Again, he knew when he violated the permanent injunction that such a writ had been issued in due form of law. It had been served upon him, and in the face of it he proceeded to violate the commands of the writ. No attempt is made on his part to show that he has not violated the writ, but the whole case is based on the thought that, being a permanent writ, it was issued without jurisdiction, and hence he could violate it with impunity, and, as we have said, if he was right, then he was violating the temporary writ, of the proper issuance of which no question is made. We think there was no error in the action of the district court. AFFIRMED.